PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. PEDRO ARGUES NIEVES, Defendant and Appellant.

No. 3649. Argued March 21, 1929.—Decided April 2, 1929.

*E. González Mena* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Pedro Argues Nieves was convicted in the District Court of Aguadilla on a charge of carrying arms and sentenced to a month in jail, with the costs. The defendant appealed

from that judgment and in his brief assigns the following error:

"That the trial court committed manifest error in not acquitting the accused, inasmuch as the search of his person and seizure of the pistol are wholly unlawful and in open violation of the provisions of section 10 of the Act forbidding the carrying of arms, approved June 25, 1924."

What occurred at the trial appears clearly from the judgment, which reads as follows:

"On June 7, 1928, this cause was called for trial. The People of Porto Rico was represented by attorney Francisco R. Flores and the defendant by attorney A. González Mena, both parties announcing that they were ready for trial.

"On being arraigned the defendant pleaded not guilty.

"Thereupon, the prosecution and the defense agreed that the witnesses for the prosecution would testify under oath on the witness stand that the defendant Pedro Argues Nieves, on May 24, 1928, in the ward of Arenales of Aguadilla (within this judicial district) carried on his person a Colt pistol, caliber 32 No. 112021, loaded with seven cartridges, which was taken from the said defendant when he was arrested in the said ward on May 24, 1928, for the offense of gambling mentioned in the complaint; that defendant Pedro Argues Nieves was charged with the offense of gambling referred to in the complaint; that he pleaded guilty and was sentenced to pay a fine of five dollars; that he submitted to the judgment and paid the fine; that defendant Pedro Argues Nieves, on being arrested in the said ward of Arenales on May 24, 1928, on a charge of gambling was conducting himself in an orderly manner, was not in a state of drunkenness, was not threatening to disturb the peace, was not boasting of carrying any weapon and was conducting himself peacefully, both parties admitting that the witnesses for the prosecution in testifying would speak the truth and all of the aforesaid being the truth.

"As defense the accused alleged that the seizure of the said pistol was unlawful because it was a violation by the police of the provisions of section 10 of the Act to Prohibit the Carrying of Arms of June 25, 1924, which prescribes, among other things, that it shall be unlawful for any police officer to search any citizen conducting himself in a peaceful and orderly manner for the purpose of confiscating any firearm or other arm specified in the Act.

"After the arraignment of the accused the court heard his plea of not guilty and the oral agreement of the parties and after considering the briefs submitted it finds the accused Pedro Argues Nieves guilty of carrying forbidden arms and sentences him to one month in jail and to pay the costs of the prosecution."

Section 10 of Act No. 14 of June 25, 1924, prescribes that a search is unlawful when under pretext of the prohibition to carry arms it is made by an officer on the person of any citizen who is conducting himself in an orderly manner, who is not in a state of drunkenness, who does not exhibit or boast of carrying an arm and is found within the exceptions specified in the said statute.

But, though from that unlawful act there may arise certain penal and procedural consequences (above all in the matter of evidence), it is perfectly clear that in declaring unlawful a search of the person under those conditions the section referred to does not authorize that person to carry prohibited arms or excuse the character of the violation which is implied by the fact of carrying them. That act is an offense apart from any right to personal inviolability.

It is unnecessary in this case to determine whether the right of arrest carries with it a right to search the arrested person.

Furthermore, the accused in this case agreed that the evidence would show that he carried on his person a loaded pistol, and this is the act which the law foresaw and punishes. The rights of the accused against an unlawful personal search does not create in his favor the right to carry on his person an arm with which injury may be caused.

For the foregoing reasons we hold that the error assigned was not committed by the court.

The judgment appealed from must be affirmed.